UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-870** |
| **RANDY SMITH** | **SECTION "E" (4)** |

### ORDER AND REASONS

Petitioner Andrew David Wetzel filed petition for habeas corpus brought under 28 U.S.C. § 2241 challenging his detention based on a parole violation detainer. ECF No. 1-1, at 1. With his petition, Wetzel filed a motion seeking appointment of counsel to assist him with this habeas proceeding (ECF No. 6) and a motion to conduct discovery including document requests (ECF No. 4). For the reasons that follows, his motions are denied.

I.  **Motion to Appoint Counsel (ECF No. 6)**

Wetzel requests the appointment of counsel because of handwriting; lack of skill, money, equipment, and "access;" and "wrongdoing and cover up by law enforcement officials." ECF No. 6, at 1. The law is clear that "there is no constitutional right to counsel in habeas corpus actions." *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004). A court, however, may provide representation for a financially eligible person who is seeking habeas relief when the interests of justice so require. 18 U.S.C. § 3006A(a)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *Hulsey v.*

*Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this."). Appointed counsel is not required unless there is a need for an evidentiary hearing. *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011); *United States v. Vasquez*, 7 F.3d. 81 (5th Cir. 1993) (once it is determined that an evidentiary hearing is needed in a habeas corpus action, the appointment of counsel is mandatory). Furthermore, "[i]f the matter can be resolved on the basis of the record and the pleadings submitted by the parties, the interests of justice do not require the appointment of counsel." *Jackson v. Warden*, No. 06-1425, 2006 WL 4041524, at *2 (W.D. La. Oct. 23, 2006) (citing *Boyd v. Groose*, 4 F.3d. 669 (8th Cir. 1993), and *Smith v. Groose*, 998 F.2d. 1439, 1442 (8th Cir. 1993).

Based on Wetzel's petition and other written submissions, at this time, it appears entirely unlikely that an evidentiary hearing will be needed to resolve his claims. Wetzel's case is of a type routinely presented *pro se*, and he appears capable of presenting his claims and arguments. The events on which he bases his petition are substantially within his own knowledge or may be recounted sufficiently on the existing federal and state court records. Neither specialized legal knowledge nor additional investigative resources would be necessary.

Thus, "[a]ppointment of counsel is not warranted in this case because the interests of justice do not require such an appointment." *Reese v. Cain*, No. 07-30027, 2008 WL 344765, at *2 (5th Cir. Feb. 7, 2008) (citing *Santana*, 961 F.2d at 516). Should circumstances change as the case develops or the court later determines that an evidentiary hearing is necessary, appointment of counsel may be reconsidered, but is unwarranted at this time.

**II.      Motion for Leave to Take/Conduct Discovery (ECF No. 4)**

Wetzel requests leave of court to conduct discovery, including document requests and written interrogatories to the state court judge, prosecutors, and detectives involved in his state court criminal case. ECF No. 4, at 1. In a § 2241 proceeding, the court may look to Rule 6 of the Rules Governing Section 2254 Cases ("Rules Governing") for guidance on discovery. *See* Rule 1(b), Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."); *see also*, *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (referencing discovery rules under Rule 6: "There is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case such as this."). Rule 6(a) of the Rules Governing states, in relevant part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The United States Fifth Circuit Court of Appeals has emphasized that, in federal habeas proceedings, discovery is not automatic and must be warranted before allowing same:

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The habeas petitioner is entitled to discovery only where "good cause" is shown. *Id*. The Supreme Court has held that good cause is shown where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

*Reed v. Quarterman*, 504 F.3d 465, 471-72 (5th Cir. 2007).

Good cause for discovery is established only if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300

3

(1969); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (explaining that "good cause" under the rules permitting discovery in habeas cases "may be found when a petition for habeas relief "establishes a prima facie claim for relief"). Furthermore, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy*, 205 F.3d at 814.

In his motion, Wetzel identifies no specific need for discovery in connection with this petition. He instead appears to seek discovery related to the on-going state proceedings rather than the substance of his habeas petition. Indeed, he provides no reason at all, much less good cause, for discovery at this early stage of this habeas proceeding. In addition, the court has issued an order seeking a response to be filed by the Louisiana Attorney General or the St. Tammany Parish District Attorney. That same order will direct the district attorney to provide the court with all state court records, which records should include the basis for Wetzel's current detention, whether it be an arrest, detainer or other order. Without the State's response, the court cannot assess the justiciability of Wetzel's petition (*e.g.* exhaustion of state remedies) or the need for documents beyond those the State will produce. Thus, his request for discovery is also premature. Accordingly,

**IT IS ORDERED** that Wetzel's Motion to Appoint Counsel (ECF No. 6) and Motion for Leave to Take/Conduct Discovery (ECF No. 4) are **DENIED**.

New Orleans, Louisiana, this   12th   day of April, 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**