UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 22-870 |
| RANDY SMITH | SECTION "E"(4) |

## REPORT AND RECOMMENDATION

Before the Court are two motions for injunctive relief filed by petitioner Andrew David Wetzel. The motions accompanied Wetzel's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 which challenges his current pretrial detention in St. Tammany Parish related to a contempt charge in case number 1077-F-2021, which has now been referred to the undersigned Magistrate Judge. ECF No. 1, at 2, 6-8; ECF No. 7. For the reasons that follow, Wetzel's motions should be denied.

Wetzel filed Motion for Investigation (ECF No. 3) for this court to order the Louisiana Attorney General, the Louisiana State Police, and/or the United States Attorney to investigate perjury by St. Tammany Parish Detective James McGuire and the actions of the St. Tammany Parish Sheriff, Judge, and District Attorney for cover-ups in his state court criminal proceedings. Wetzel also filed a Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 5) to prevent the State from bringing him to trial on May 9, 2022 or any other date pending the outcome of this § 2241 petition and/or the appointment or waiver of counsel can be obtained. *Id*. at 1. He also seeks an injunction to prevent the state district court from sealing the public records and transcripts of Det. McGuire's alleged perjury or an order requiring disclosure to him of the transcripts and records. *Id*. at 2. He further seeks an order to prevent the State from using the perjurious transcripts as evidence at his state criminal trial. *Id*.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court must not interfere with a pending state criminal prosecution either by injunction or declaratory judgment in the absence of extraordinary circumstances showing a threat of irreparable injury which is both great and immediate. *Id*. at 53. The *Younger* doctrine requires a federal court to decline to exercise jurisdiction over state criminal defendants' claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal citations omitted). A "[p]etitioner must satisfy the *Younger* abstention hurdles before [a court] may give habeas relief." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). This precludes "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973).

For habeas cases in particular, it is well settled that relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a . . . defense to a prosecution prior to trial." *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987) (quoting *Braden*, 410 U.S. at 489-92 and citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). "The state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (1984). Therefore, absent "special circumstances," federal habeas proceedings are not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction. *Dickerson*, 816 F.2d at 226 (citing *Braden*, 410 U.S. at 489. No such circumstances are shown in Wetzel's motions.

Through his motions for investigation and injunctive relief, Wetzel not only seeks to disrupt his criminal proceedings, but he also seeks to prematurely decree that he is entitled to grant relief from a conviction that has not yet occurred based on defenses he has not yet asserted at a trial.  Wetzel will have ample opportunity to challenge the trial court's scheduling of trial and evidentiary decisions, even if he is eventually convicted, without premature interference by a federal court.  Wetzel also may already have state court pretrial review available at this time, something that will be evaluated when addressing the substance of his underlying habeas petition.  If he has not exhausted, he also would not be able to establish a likelihood of success in the underlying petition.

For now, his motions should be denied.  If this court were to grant the temporary, preliminary, or other injunctive relief sought by Wetzel in his motions, this without doubt would interfere with the evidence available, the prosecution of his criminal case, and the state court's ability to conduct its proceedings.  He has shown no special circumstance for this Court to intercede in his criminal proceedings through immediate injunctive relief.  The Court should decline to issue injunctive relief at this time and deny both of Wetzel's motions.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Wetzel's Motion for Investigation (ECF No. 3) and Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 5) be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

       New Orleans, Louisiana, this 26th day of April, 2022.

                                        **KAREN WELLS ROBY**
                                    **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.