UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-870** |
| **RANDY SMITH** | **SECTION "E"(4)** |

## O R D E R

On August 18, 2022, after having already filed a response to the captioned petition, Respondent through the St. Tammany Parish District Attorney's Office filed a "Motion to Dismiss as Moot" (ECF No. 18) asserting that petitioner Andrew David Wetzel's federal habeas petition under 28 U.S.C. § 2241 should be dismissed as moot because he has now been convicted. For the following reasons, the Respondent's motion is procedurally improper and filed without leave of court to do so.

The United States Fifth Circuit Court of Appeals has found that "[a] motion to dismiss for failure to state a claim is inappropriate practice in habeas." *Miramontes v. Driver*, 243 F. App'x 855, 856 (5th Cir. 2007); *Mitchell v. Thaler*, No. 09-213, 2010 WL 1404400, at *1 n.1 (S.D. Tex. Feb. 11, 2010). The United States Supreme Court also has reasoned that "[t]he custodian's response to a habeas corpus petition is not like a motion to dismiss. The procedure for responding to the application for a writ of habeas corpus, unlike the procedure for seeking correction of a judgment, is set forth in the habeas corpus statutes and, under Rule 81(a)(2), takes precedence over the Federal Rules." *Browder v. Director, Dept. of Corr. of Ill.*, 434 U.S. 257, 269 (1978); *see also*, *e.g.*, Rule 5 of the Rules Governing Section 2254 Cases. The Respondent's motion for dismissal does not comply with the Court's briefing order or the rules applicable to habeas proceedings. Nevertheless, to avoid unnecessary delay in these proceedings, the motion and accompanying

documents will be construed by the Court as a supplemental response in opposition and shall be addressed as such. Accordingly,

**IT IS ORDERED** that the respondent's **Motion to Dismiss Case as Moot (Rec. Doc. No. 18)**, with its accompanying memoranda and exhibits, is deemed to be and shall be re-docketed by the Clerk of Court as Respondent's **Supplemental Response in Opposition** and shall not be treated as or considered by the Court as a motion.

New Orleans, Louisiana, this __15th__ day of September, 2022.

                                              **KAREN WELLS ROBY**
                                 **UNITED STATES MAGISTRATE JUDGE**