UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANDREW DAVID WETZEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-870** |
| **RANDY SMITH** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2241 was referred to a United States Magistrate Judge for preliminary review and, if necessary, for conducting a hearing, including evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).[1]  Upon review of the entire record, the Court has determined that a federal evidentiary hearing is unnecessary.

**I.      Factual and Procedural History**

At the time of the filing of this § 2241 petition, petitioner Andrew David Wetzel ("Wetzel") was incarcerated in the St. Tammany Parish Jail.  ECF No. 1, at 1.  On March 8, 2021, Wetzel was charged by Bill of Information in St. Tammany Parish Case No. 1077-F-2021 with one count of simple burglary.[2]  As outlined by the State, on or about December 14 or 15, 2021, computer equipment was stolen from Dabdoub Investments and Insurance ("DII").  ECF No. 16, at 3.  According to the police reports, the burglar, later identified as Wetzel, made a forced entry through the glass front door of the DII, and took three computer towers, a computer monitor, a laptop, a keyboard, and a mouse.[3]

---

[1] ECF Nos. 6, 10.  All federal record references are to filings in the lead case, Civ. Action 22-741, unless otherwise indicated.
[2] St. Rec. Vol. 1 of 4, Bill of Information, 3/8/21.
[3] St. Rec. Vol. 3 of 4, Police Reports, 12/15/20; Narrative, 12/15/20; Property List, 12/15/20.  The inventory of items seized indicates that more computer equipment was recovered but not for this victim.  *Id*.

Over the course of the eighteen months or more, Wetzel, who at times represented himself, filed dozens of motions with the state trial court.[4] He also filed at least ten applications for writ of mandamus seeking to compel faster rulings from the state trial court on his various motions.[5] He also filed at least five applications for writ of review with the Louisiana First Circuit, seeking pretrial review of the state trial court's preliminary hearing and other evidentiary rulings, all apparently unsuccessful.[6]

Among the motions was Wetzel's request for a preliminary hearing, which was held on January and March of 2022.[7] Prior to the hearing, Wetzel apparently obtained certain personnel records for the case investigator, Detective James McGuire. ECF No. 1-1, at 1-4. Among those records was an "Employee Counseling Form," showing that McGuire had received a written warning on March 18, 2021, and counseling for unsatisfactory work performance in an unrelated criminal investigations in 2020. *Id*. Wetzel, representing himself at the time, cross-examined McGuire during the preliminary hearing about any policy violations or disciplinary actions against him.[8] McGuire denied committing any violations or having disciplinary actions against him.[9]

Wetzel thereafter filed motions seeking to have the district attorney and sheriff's office investigate McGuire and that he be held in contempt for perjury.[10] The state trial court denied

---

[4] *See*, *e.g.*, St. Rec. Vol. 1 of 4, Minute Entry, 5/10/21; Minute Entry, 6/11/21; Minute Entry, 3/10/22; Hearing Minutes, 3/18/22.
[5] *See* Mandamus rulings: St. Rec. Vol. 3 of 4, 1st Cir. Order, 2021-KW-0303, 5/24/21; St. Rec. Vol. 4 of 4, 1st Cir. Order, 2021-KW-0098, 3/15/21; 1st Cir. Order, 2021-KW-0099, 4/22/21; 1st Cir. Order, 2021-KW-0101, 3/30/21; 1st Cir. Order, 2021-KW-0102, 4/22/21; 1st Cir. Order, 2021-KW-0143, 5/10/21; 1st Cir. Order, 2021-KW-0144, 3/30/21; 1st Cir. Order, 2021-KW-0374, 6/21/21; 1st Cir. Order, 2021-KW-0375, 6/21/21; 1st Cir. Order, 2021-KW-1099, 12/20/21.
[6] *See* Writ of Review rulings: St. Rec. Vol. 4 of 4, 1st Cir. Order, 2021-KW-1435, 214/22; 1st Cir. Order, 2021-KW-1479, 12/1/21; 1st Cir. Order, 2021-KW-1502, 12/20/21; 1st Cir. Order, 2022-KW-249, 3/23/22; 1st Cir. Order, 2022-KW-0401, 4/26/22.
[7] St. Rec. Vol. 1 of 4, Minute Entry, 1/7/22; Hearing Minutes, 3/10/22; Minute Entry, 3/18/22.
[8] St. Rec. Vol. 2 of 4, Hearing Transcript, at 86-88, 1/7/22.
[9] *Id*.
[10] St. Rec. Vol. 2 of 4, Motion for Investigation, 2/10/21; Trial Court Order, 2/22/22; Motion for Sanctions, 2/10/21; Trial Court Order (2), 2/22/22.

both motions. The court also denied Wetzel's requests to subpoena the officers who counseled McGuire, and ordered that the counseling form be placed under seal.[11] Wetzel filed for review of this ruling, and the Louisiana First Circuit denied the writ application on April 26, 2022, for lack of showing and for failure to provide required documentation.[12] The record does not reflect that Wetzel refiled the application or sought review of this ruling in the Louisiana Supreme Court.

Wetzel eventually entered a plea of guilty to the simple burglary charge and to a multiple offender bill on June 27, 2022. ECF No. 20, at 8-10. He was sentenced as a second felony offender to serve 20 years in prison without benefit of probation or suspension of sentence. *Id*. at 10. The record contains no indication that Wetzel sought review of his plea or sentence.

## II.     Federal Habeas Petition

Broadly construed, Wetzel's § 2241 federal habeas petition asserts the following grounds for pretrial relief: (1) the state trial court's order sealing the counseling form related to Detective McGuire, which showed the officer's perjury and lies, prevented the disclosure of his wrongdoing in violation of Louisiana public records law and the U.S. Constitution; (2) the state trial court's order issued under penalty of contempt prevented him from talking about the officer's wrongdoing in violation of due process and the 1st Amendment; (3) the state trial court violated the Fourth Amendment and due process when it failed to allow the counseling form and/or evidence of McGuire's wrongdoing into evidence for a trial; and (4) the state trial judge, the sheriff, and the district attorney's actions to conceal the officer's wrongdoing violated the 1st, 4th, 8th, 14th Amendments. ECF No. 1, at 6-8.

---

[11] St. Rec. Vol. 1 of 4, Minute Entry, 3/10/21.
[12] *State v. Wetzel*, No. 2022-KW-0401, 2022 WL 1224011, at *1 (La. App. 1st Cir. Apr. 26, 2022); St. Rec. Vol. 4 of 4, 1st Cir. Order, 2022-KW-0401, 4/26/22.

In his supporting argument, Wetzel acknowledges that his state criminal case is ongoing, but under *Younger v. Harris*, the state is proceeding in bad faith because the lead detective committed perjury, and admitted to lying in his warrants. ECF No. 1-1, at 11. He contends that the state court judge and the assistant district attorney are hiding the police misconduct. He also asserts that he is not represented by counsel, and there is no evidence of his guilt. He claims also, under *Younger*, that he is facing irreparable injury to his 6th, 1st, and/or 4th Amendment rights. *Id*. Wetzel further claims that because he is without counsel, there is no valid waiver of counsel, public records were sealed under threat of contempt, and illegal search and seizure due to police misconduct that was not allowed into evidence. *Id*. As relief, Wetzel requests "TRO/stay, hearing, investigation, appointment of counsel" and "any other relief as court sees fit." ECF No. 1, at 8.

In its initial response in opposition, the State argued that Wetzel's petition should be dismissed because he failed to exhaust state court review of his claims. ECF No. 16. In addition, the State asserted that Wetzel sought relief not available on federal habeas review, because he seeks only to have the court review the basis for having the employment records sealed and made unavailable for his use at a trial. *Id*. at 8. The State contended that this has nothing to do with the validity of Wetzel's pretrial detention. *Id*. at 8-9. The State also argued that the Court should abstain from considering Wetzel's claims which could easily be resolved under available state procedures, citing *Younger v. Harris*, 401 U.S. 37 (1971).

In its supplemental opposition memorandum, the State represents that Wetzel entered a plea of guilty on June 27, 2022, which renders moot his pretrial federal habeas application brought under § 2241. ECF No. 20, at 3.

**III**.     **Subject Matter Jurisdiction and Standards of Review Under § 2241**

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). A petitioner must be in custody at the time the petition is filed for the state criminal matter under attack. *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). A pretrial petitioner who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas relief under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). The scope of the limitation turns upon the type of relief sought. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances." *Braden*, 410 U.S. at 489, 493. However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies. *Brown*, 530 F.2d at 1282-83.

**IV.**    **Discussion**

    **A.**    **Mootness of Pretrial Issues**

Wetzel has entered a plea of guilty to the simple burglary charge in St. Tammany Case No. 1077-F-2021 and has been sentenced as a second felony offender to serve 20 years in prison without benefit of probation or suspension of sentence. ECF No. 20, at 8-10. He is no longer a pretrial detainee for purposes of seeking relief from custody or detention under § 2241. Instead, he is now detained under a state court judgment of conviction, and no longer eligible for pretrial relief. *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). It is fairly settled that pretrial claims for federal habeas relief are mooted by a petitioner's subsequent conviction. *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing *Fassler*, 858 F.2d at 1018); *Thornton v.*

*Johnson*, No. 3:00-CV-1875-G, 2001 WL 204777, at *4 (N.D. Tex. Feb. 27, 2001), *R&R adopted by* 2001 WL 313959 (N.D. Tex. Mar. 30, 2001).  Wetzel's claims for pretrial relief are now moot, and his petition can be dismissed for that reason.

### B. <u>Failure to Exhaust</u>

To the extent Wetzel presents claims that evolve past his pretrial detention for possible consideration under § 2254, the provision governing habeas relief for convicted state prisoners, his complaint still must be dismissed.  *See Hartfield v. Osborne*, 808 F.3d 1066 (5th Cir. 2015) (considering a pretrial § 2241 petition under § 2254 standards after the petitioner was convicted while the petition was pending).  Under both § 2241 and § 2254, a petitioner is required to exhaust available state court remedies before pursuing federal habeas relief.  *See Dickerson*, 816 F.2d at 225 (discussing a federal court's abstention when issues raised in a § 2241 petition are not exhausted through state court or review); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

"A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims."  *Id*. at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).  The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court in a procedurally proper manner.  *Id*. (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Wetzel must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through to the Louisiana Supreme Court in a procedurally proper manner. Wetzel has not given the Louisiana Supreme Court an opportunity to review any of his claims, either before or after his conviction. The record reveals no good cause for his failure to do so, and there is none apparent from the record.

Thus, whether his petition is considered under § 2241 or § 2254, Wetzel's federal habeas petition should be dismissed without prejudice for his failure to exhaust state court review of his claims.

## V.     Recommendation

It is therefore **RECOMMENDED** that Wetzel's petition initially filed under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** as moot and, alternatively for his failure to exhaust state court review of his claims.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[13]

New Orleans, Louisiana, this 9th day of January, 2023.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[13]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.